IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR500-001 |
| | ) | |
| TONY OVERSTREET, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Tony Overstreet's Motion for Home Confinement. (Doc. 436.) In this Motion, Defendant asks that, after he completes his required term of imprisonment, he be allowed to serve the noncustodial portion of his sentence on home confinement rather than in a halfway house. In its Response, the Government argues that the Court cannot modify a term of imprisonment once it has been imposed and that the Bureau of Prisons ("BOP"), not the Court, is responsible for administering Defendant's sentence. (Doc. 437.)

With respect to the Government's first argument, it appears that it may have misinterpreted Defendant's Motion. It is clear that Defendant is not asking the Court to reduce the length of his sentence. Rather, Defendant seeks to alter the manner in which the sentence will be carried

out. Therefore, the barriers posed by 18 U.S.C. § 3582(c) are inapplicable.

The Government correctly argues, however, that the manner in which the Court's sentence is carried out is the responsibility of the BOP. Because the BOP is responsible for determining how Defendant serves the noncustodial portion of his sentence, the Court will not interfere with the BOP's decision making process. Therefore, the decision regarding whether Defendant may serve the noncustodial portion of his sentence on home confinement is for the BOP, who is in the best position to assess the propriety of Defendant's request. Accordingly, Defendant's Motion is **DENIED**.

SO ORDERED this 8th day of December, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA